UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Albert Douglass Mitchell,

    Plaintiff,

v.                                                                  CASE NO:
                                                                  HONORABLE:

WASHTENAW COUNTY SHERIFF'S DEPARTMENT, COUNTY OF WASHTENAW,
DEPUTY MASON TROWBRIDGE, DEPUTY FREANNA LOWHORN ,
in their individual and official capacities.

    Defendants.
_____/

RYAN CLAYTON WILLIAMS (6318972) Illinois
Attorney for Plaintiff
2523 John R.
Detroit, MI 48201
ryanwilliamsesq@gmail.com
_____/

**PRELIMINARY STATEMENT**

1. Plaintiff Albert D. Mitchell was charged with a crime while driving his car in the city of Ypsilanti.

2. Plaintiff brings this lawsuit because deputies employed with the Washtenaw County Sheriff's Department arrested, and searched his vehicle under the premise that he had a warrant for his arrest, which was false.

3. In addition, Plaintiff was forced to appear in court to defend against frivolous charges that were latter dropped.

4. In this action, Plaintiff alleges violations of his civil rights under the Fourth, and Fourteenth Amendments to the United States Constitution, as enforceable through 42 U.S.C. § 1983.

5. This is a civil rights action in which the Plaintiff, ALBERT D. MITCHELL, seeks relief for the Defendants' violations of his civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth Amendment and Fourteenth Amendment, and by the laws and Constitution of the State of Michigan.

6. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 (federal question) and 1343 (civil rights), because this is a civil action seeking redress for the violation of the Plaintiff's civil rights secured by the United States Constitution.

8. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims asserted occurred in Washtenaw County, which is in the Eastern District of Michigan and Defendant CITY OF ANN ARBOR is administratively located within the boundaries of the Eastern District of Michigan.

**JURY TRIAL DEMANDED**

10. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

11. Plaintiff is a resident of the City of Romulus, County of Wayne, State of Michigan.

12. Defendant, Washtenaw County Sheriff's Department is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

13. That the individually named Defendants are deputies assigned to the Washtenaw County Sheriff's Department, and at all times noted herein were acting under color of the law, in their individual and official capacities, and within the course and scope of their employment.

14. By the conduct, acts, and omissions complained of herein, Defendants Mason Trowbridge (Trowbridge) and Freanna Lowhorn (Lowhorn) violated clearly established constitutional standards under the Fourth Amendment to the United States Constitution of which a reasonable police officer under the circumstances would have known.

**FACTS**

15. Plaintiff realleges and incorporates by reference each and every paragraph of this complaint as though fully set forth herein.

16. On 5/4/2024 at approximately 8:45pm Plaintiff was pulled over by Washtenaw County Sheriff Department (WCSD) Deputies Trowbridge and Lowhorn on Textile road in Ypsilanti, MI.

17. Deputies Trowbridge and Lowhorn were inside the private complex of Trailer Alley when Plaintiff entered the area driving through to visit family.

3

18. As Plaintiff began to drive toward his family's residents he noticed that a car was following him without their headlights on.

19. Plaintiff after observing that his family members were not home drove toward the exit of the complex.

20. As Plaintiff turned left exiting dimly lit McKean road, the vehicle behind him activated their overhead lights.

21. Plaintiff continued to drive approximately two miles at a low speed toward the lit Dairy Mart Gas Station.

22. Upon arrival at the Dairy Mart Gas Station Plaintiff stopped and parked his car.

23. At that time Defendants pulled Plaintiff out of his vehicle and immediately handcuffed and arrested him.

24. Plaintiff asked what he was being arrested for and at that time Deputy Trowbridge stated that Plaintiff was being arrested for fleeing and alluding.

25. Plaintiff communicated that his intent was to drive toward a lighted area.

26. Defendant then changed his reason for the arrest and stated that Plaintiff was going to jail because he had a warrant.

27. Plaintiff then asked Deputy Trowbridge what was the cause of the warrant and he answered that he failed to appear in court.

28. Plaintiff then stated to the Deputy that he was not telling the truth and that he did not have a warrant.

29. Deputy Trowbridge then put Plaintiff in Police vehicle.

30. Deputy Trowbridge began searching Plaintiff's car as other Deputies were looking on.

31. As search was being conducted, Plaintiff began speaking with Deputy Lowhorn.

32. During the dialogue with Deputy Lowhorn, she acknowledged that she knew Plaintiff had previous encounters with the Washtenaw County Sheriff's Department that once even resulted in a settlement.

33. During this time the deputies had yet to ask for Plaintiff's I.D..

34. Deputy Lowhorn continued to ask Plaintiff questions while he was handcuffed inside the police vehicle.

35. While Deputy Trowbridge was near the police vehicle he was told by Deputy Lowhorn that the birthdays did not match appearing to cover up for the actions of Deputy Trowbridge.

36. Deputy Trowbridge continued to have Plaintiff in custody, while continuing to question Plaintiff even after being told that the Warrant was not a match.

37. Deputy Trowbridge continued to question Plaintiff, while denying Plaintiff's request to be released from handcuffs.

38. Deputy Trowbridge continued to deny Plaintiff's request and continued to interrogate Plaintiff while handcuffed.

39. Plaintiff, again indicated to Deputy Trowbridge that he did not want to talk while handcuffed.

40. Plaintiff was finally released from handcuffs.

41. Plaintiff was eventually charged with various crimes, but all those charges were later dropped.

## COUNT I

## VIOLATION OF THE FOURTH AMENDMENT 42 U.S.C. § 1983 UNREASONABLE SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE

42. Plaintiff realleges and incorporates by reference each and every paragraph of this complaint as though fully set forth herein.

43. The governmental agency that employed Defendants was engaged in the exercise or discharge of a governmental function.

44. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable search and seizure.

45. Defendants acted unreasonably and failed in their constitutional duty when they illegally searched and seized Plaintiff's vehicle.

46. Defendants falsely claimed that Plaintiff had a warrant, and searched Plaintiff's vehicle under this claim.

47. Defendants violated Plaintiff's rights pursuant to the Fourth Amendment when they unlawfully arrested and searched Plaintiff's vehicle without probable cause in willful disrespect of the Constitution.

48. Defendants acted under color of law and are not entitled to qualified immunity because it was forfeited through gross negligence, albeit willful misconduct in clearly violating Plaintiff's Fourth Amendment rights in acting deliberately with a malicious disregard for the Constitution of the United States of America.

49. Defendants' illegal and unconstitutional acts were intentional.

50. Defendants' acts were the direct and proximate cause of Plaintiff's loss of his Fourth Amendment rights.

51. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court award exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

52. Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 MALICIOUS PROSECUTION

53. Plaintiff realleges and incorporates by reference each and every paragraph of this complaint as though fully set forth herein.

54. Defendants charged Plaintiff with a false charge and instituted court proceedings against Plaintiff which concluded in his favor.

55. Defendants knew that the charges brought against Plaintiff were false.

56. Defendants maliciously and intentionally misled the courts with a gross disregard for the Constitution of the United States of America in bringing false charges against the Plaintiff in their intention to provide an excuse for the Defendants' objective to unlawfully search Plaintiff's vehicle in violation of the Fourth Amendment.

57. Defendants lied in dereliction of duty with a casual disregard for the Constitution of the United States of America in its claim that Plaintiff had a failure to appear in court warrant.

58. Defendants' unconstitutional acts were the direct and proximate cause of Plaintiff's Fourth Amendment rights being violated.

59. Defendants' actions violated Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C § 1983, Plaintiff respectfully requests this Honorable Court award compensatory, exemplary, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

60. Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT III**
**42 U.S.C. § 1983 VIOLATION OF THE FOURTH AMENDMENT UNLAWFUL DETENTION**

61. Plaintiff realleges and incorporates by reference each and every paragraph of this complaint as though fully set forth herein.

62. Defendants caused the false arrest of Plaintiff without any legal justification and without probable cause.

63. Defendants, in derelict of duty, with a malicious disregard and disrespect for the Constitution of the United States of America, told Plaintiff that he had a warrant for failure to appear in court and searched Plaintiff's vehicle and in the process Defendants arrested Plaintiff under the color of law.

64. Defendants actions were without probable cause and legal justification.

8

65. As a result of Defendants' unlawful actions, Plaintiff suffered psychological and, self esteem injuries.

66. Defendants' actions were so egregious and malicious that Plaintiff's damages were heightened and severe so that Plaintiff is entitled to exemplary damages.

67. Plaintiff, respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

68. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

69. Defendants Trowbridge and Mason were employed by a government agency that is engaged in the exercise or discharge of a governmental function.

70. Defendants were working for the Washtenaw County Sheriff's Department at the time of the incident when Defendants violated trust and responsibility in ignoring the basic tenements of the Constitution of the United States.

71. In falsely claiming that Plaintiff had a warrant for his arrest Defendants breached their duties to justly up hold the law, and acted with deliberate indifference and gross negligence without deference to the Constitution of the United States of America, human rights and common welfare of man and did cause severe emotional distress to Plaintiff.

72. Plaintiff's rights, which are guaranteed by the Constitution of the United States, were violated by the Defendants causing serious psychological, self esteem injuries, which ultimately manifested into physical damages to Plaintiff.

73. Defendants breached duty to exercise reasonable care in acting recklessly with gross negligence, albeit purposely with unlawful intentions, thereby overcoming qualified immunity.

74. As a direct and proximate result of Defendants gross intentional acts, Plaintiff suffered injuries and damages.

75. The Defendants action were so egregious that Plaintiff's damages were elevated and made more injurious, as a result, Plaintiff is entitled to exemplary damages.

## COUNT V
## GROSS NEGLIGENCE COMMON LAW CLAIM

76. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth.

77. Defendants were employed by a governmental agency that is engaged in the exercise or discharge of a governmental function.

78. Defendants were working for the Washtenaw County Sheriff's Department at the time of the incident when Defendant's violated Plaintiff's basic common law rights.

79. In claiming that Plaintiff had a warrant for his arrest when Plaintiff didn't while proceeding to charge, arrest and search Plaintiff's vehicle, Defendants breached their duties to justly up hold the law, and acted with deliberate indifference and gross negligence without deference to the Constitution of the United States of America.

80. Plaintiff's rights, which are guaranteed by the Constitution of the United States were violated by the Defendants causing serious psychological injuries to Plaintiff.

81. Defendants' breached duty to exercise reasonable care in acting recklessly with gross negligence, albeit purposely with unlawful intentions. MCL 691.1407(2).

82. As a direct and proximate result of Defendants' gross negligence/intentional acts, Plaintiff suffered injuries and damages.

83. The Defendants action were so egregious that Plaintiff's damages were elevated and made more injurious, as a result, Plaintiff is entitled to exemplary damages.

84. Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs and attorney fees.

## COUNT VI
## COMMON LAW AND M.C.L §600.2907
## MALIIOUS PROSECUTION

85. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

86. Defendants caused criminal proceedings to be instituted against Plaintiff; the proceedings terminated in Plaintiff's favor; there was no probable cause to support the prosecution because it was made up; Defendant acted with malice in their actions causing damages.

87. Plaintiff requests that this Honorable Court enter an award in favor of Plaintiff in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT VII**
**WASHTENAW COUNTY CONSTITUTIONAL VIOLATION MONELL CLAIM AGAINST THE COUNTY 42 U.S.C. § 1983**

88. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

89. Defendant Ann Arbor acted with deliberate indifference with a general disregard of the Constitution when it practiced and permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

90. The violating policies include, but is not limited to the following:

    A. Failing to supervise officers to prevent violations of citizens' rights guaranteed by the Constitution of the United States of America.

    B. Failing to adequately train and/or supervise officers regarding instruction on how to lawfully prosecute citizens' without violating the Constitution of the United States of America

91. It was clearly established that the Fourth Amendment prohibits malicious prosecution, unreasonable search and seizure, and false arrest.

92. The facts above constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

93. The actions by Defendant was so egregious that Plaintiff's damages were elevated and made more injurious, and as a result, Plaintiff is entitled to exemplary damages.

94. Plaintiff requests that this Honorable Court enter an award in favor of Plaintiff in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                              Respectfully Submitted,
                                              Ryan Clayton Williams

                                              <u>S/*Ryan Williams*</u>
                                              Ryan Clayton Williams (6318972)
                                              2523 John R. St.
                                              Detroit, MI 48201
                                              734-644-3123
                                              ryanwilliamsesq@gmail.com

Dated March 7, 2025