UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT D. MITCHELL,

        Plaintiff,

v.

WASHTENAW COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF
WASHTENAW, DEPUTY MASON
TROWBRIDGE, DEPUTY FREANNA
LOWHORN, in their Individual and
Official capacities,

        Defendants.
_____/

Case No. 25-cv-10653
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS WASHTENAW COUNTY SHERIFF'S DEPARTMENT AND WASHTENAW COUNTY (ECF NO. 5)

On March 7, 2025, Plaintiff Albert D. Mitchell initiated this lawsuit against

Defendants Washtenaw County ("County"), the Washtenaw County Sheriff's

Department ("Sheriff's Department"), and two of its sheriff deputies, Mason

Trowbridge and Freanna Lowhorn.  Mr. Mitchell claims civil rights violations

under 42 U.S.C. § 1982 arising from his arrest by Deputies Trowbridge and

Lowhorn on May 4, 2024, while led to the search of his vehicle and criminal

charges.  Mr. Mitchell alleges that the constitutional violations were caused by

policies, practices, or customs of the County and Sheriff's Department.  (ECF No. 1 at PageID.12.)

The matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the County and Sheriff's Department on May 30, 2025.  (ECF No. 5.)  Mr. Mitchell filed a response to the motion which, with the exception of three pages, focuses on his claims against the remaining defendants.  (ECF No. 11.)  The County and Sheriff's Department have replied. (ECF No. 12.)  Having reviewed the parties' briefs, the Court finds oral argument unnecessary.  *See* E.D. Mich. LR 7.1(f).  For the reasons that follow, the Court is granting the motion to dismiss.

## I.      Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th. Cir. 1996).  As the Supreme Court has provided, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 420 (6th. Cir. 2008).

## II.     Factual & Procedural Background

On May 14, 2024, Mr. Mitchell drove through the Trailer Valley mobile home complex to visit family members.  (ECF No. 1 at PageID.4 ¶ 18 )  After Mr. Mitchell realized his family members were not home, he proceeded to the exit of

3

the complex.  (*Id.* ¶ 19.)  Deputies Trowbridge and Lowhorn were driving in their police vehicle behind Mr. Mitchell's vehicle.

After Mr. Mitchell turned left out of the complex, onto a dimly lit road, the deputies activated their vehicle overhead lights.  (*Id.* ¶ 20.)  Because the area was "isolated and dimly lit," Mr. Mitchell drove "approximately two miles" to a gas station before stopping.  (*Id.* ¶¶ 21-22.)  The deputies pulled Mr. Mitchell from his vehicle, and then handcuffed and arrested him.  (*Id.* ¶ 23.)  Initially the deputies told Mr. Mitchell he was being arrested for fleeing and alluding, but then said they had a warrant due to his failure to appear in court.  (*Id.* ¶¶ 24, 27.)  Deputy Trowbridge then searched Mr. Mitchell's vehicle.  (*Id.* ¶ 30.)

After the deputies placed Mr. Mitchell in their vehicle, and while Deputy Trowbridge searched his vehicle, Mr. Mitchell began speaking with Deputy Lowhorn and the deputy asked him questions.  (ECF No. 1 at Page5 ¶¶ 31-34.) Deputy Lowhorn subsequently informed Deputy Trowbridge that the date of birth for the individual on the warrant did not match Mr. Mitchell's birth date.  (*Id.* ¶ 35.)  Deputy Trowbridge nevertheless began to question Mr. Mitchell, refusing to release the handcuffs.  (*Id.* ¶¶ 36-39.)  Eventually, the handcuffs were removed. (*Id.* ¶ 40.)  Charges were brought against Mr. Mitchell, but subsequently dropped. (*Id.* ¶ 41.)

4

As indicated, Mr. Mitchell initiated this lawsuit against Defendants on March 7, 2025.  (ECF No. 1.)  He asserts the following constitutional violations under § 1983 and state-law violations: (I) unreasonable search and seizure without probable cause; (II) malicious prosecution; (III) unlawful detention; (IV) intentional infliction of emotional distress; (V) gross negligence; (VI) malicious prosecution; and (VII) a municipal liability claim against Washtenaw County pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  (*Id.*)

### III.    Applicable Law and Analysis

#### A.    Sheriff's Department

Defendants argue that the Sheriff's Department must be dismissed as it is not a legal entity capable of being sued under § 1983.  Mr. Mitchell fails to address this argument in his response to Defendants' motion and, therefore, he has forfeited the issue.  *See In re Burke*, 863 F.3d 521, 528 (6th Cir. 2017); *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 957 (E.D. Mich. 2009) (indicating that when a plaintiff fails to respond to a motion to dismiss, "the Court assumes he concedes this point and abandons the claim.")  In any event, as Defendants correctly argue, the Sheriff's Department "is simply "not a legal entity subject to suit."  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *see also Vanleer v. Wayne Cnty. Sheriff's Dep't*, No. 1:25-CV-10858, 2025 WL 1001340, at *3 (E.D. Mich. Apr. 3,

5

2025) (citing *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995)) (explaining that a county sheriff's department is "simply an agency of the county," not a "separate legal entity").

Therefore, the Court is dismissing the Sheriff's Department as a defendant.

## B. The County

### 1. Governmental Immunity Under State Law (Counts IV-VI)

Defendants argue that, to the extent Mr. Mitchell is asserting his state-law claims against the County, it is entitled to governmental immunity (ECF No. 5 at PageID.40-42.) Mr. Mitchell does not respond to the County's argument, addressing instead the immunity of the deputy-defendants who are not now seeking a dismissal of the claims against them. Therefore, again, he forfeits the issue. For that reason alone, Mr. Mitchell's state law claims against the County are dismissed.

In any event, Michigan's Governmental Tort Liability Act ("GTLA") entitles the County to immunity because the alleged actions occurred during "the exercise or discharge of a governmental function." Mich. Comp. Laws § 691.1407(1). To overcome governmental immunity for tort liability, a plaintiff "must either (1) plead a tort that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function." *Genesee Cnty. Drain Comm'r v. Genesee Cnty.*, 869 N.W.2d 635, 642 (Mich. Ct. App. 2015).

6

The County is a governmental agency.  Mich. Comp. Laws § 691.1401(a), (e).  A "government function" is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law."  *Id.* § 691.1401(b).  "The immunity granted by the statute to a municipality is based upon the general nature of the activity of its employees, rather than the specific conduct of its employees."  *Payton v. City of Detroit*, 536 N.W.2d 233, 241 (Mich. Ct. App. 1995) (citing *Smith v. Dep't of Public Health*, 410 N.W.2d 749, 779 (Mich. 1987)).  "The arrest, detention, and prosecution of persons suspected of committing a crime" and the decision whether to prosecute those suspects are "clearly governmental in nature."  *Id*.

Because the general nature of the activity in this case is related to the operation of the police force, the County is immune from liability, and the statute's exceptions do not apply.  For that reason, the Court is dismissing Mr. Mitchell's claims against the County for intentional infliction of emotional distress, gross negligence, and malicious prosecution (Counts IV-VI).

### 2.    *Monell* Liability (Count VII)

Section § 1983 creates a federal cause of action against state or local officials who deprive a person of a civil right while acting under color of state law. Local governments are not vicariously liable for their employees' actions under § 1983.  *Monell*, 436 U.S. at 691-92.  Instead, a municipality may be held liable for

7

the deprivation of a plaintiff's constitutional rights by its employees only where the deprivation results from an official custom or policy of the municipality.  *Id.* at 694.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

To show the existence of a municipality's policy or custom, a plaintiff must demonstrate one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."  *D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).  In addition, a plaintiff must establish that the policy or custom was the "moving force of the constitutional violation[.]"  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (citation omitted).

8

### a. Inadequate Training[1]

Mr. Mitchell alleges that Washtenaw County failed to adequately train and/or supervise officers to "prevent violations of citizens' rights guaranteed by the Constitution." (ECF No. 1 at PageID.12.)  He further alleges that the County did not teach officers "how to lawfully prosecute citizens.'" (*Id.*)  According to Mr. Mitchell, the deputies' actions during their encounter with him were "unprofessional, which reflects a lack of training and/or casual disrespect for the Judicial system."  (ECF No. 11 at PageID.92.)

To hold a municipality liable for failing to train its employees, "a plaintiff must establish that: (1) the City's training program was inadequate for the tasks that officers must perform; (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the [plaintiff's] injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)). To establish deliberate indifference, a plaintiff must normally show "prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a

---

[1] Mr. Mitchell has not identified any official policy or legislative enactment, an official with final decision making authority ratifying illegal actions, or a custom of tolerance or acquiescence to federal rights violations.  Thus, the Court limits its analysis to the only theory he has asserted: that the County maintained a policy of inadequate training or supervision.

history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Marcilis v. Twp. Of Redford*, 693 F.3d 589, 605 (6th Cir. 2012) (quoting *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008)).  Alternatively, in a narrow range of circumstances, a plaintiff may show deliberate indifference through "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Plinton*, 540 F.3d at 464 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).  "'Obvious potential for such a violation' has two elements:  It must be obvious that the failure to train will lead to certain conduct, *and* it must be obvious (i.e. clearly established) that the conduct will violate constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017).

It is the "rare" instance where *Monell* liability can be established on a single-incident, failure-to-train theory. *Connick*, 563 U.S. at 64.  This is in part because, "in virtually every instance where a person has had his or her constitutional rights violated by a city employee, § 1983 plaintiffs will be able to point to something the city 'could have done' to prevent the unfortunate incident." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).  Failing to properly limit this theory would

10

"result in de facto respondeat superior liability on municipalities," which was rejected in *Monell*. *Id.* at 391.

The limited attention Mr. Mitchell gives to the *Monell* issue in his response brief is distilled to a pattern of unconstitutional conduct. According to the Complaint, Deputy Lowhorn acknowledged Mr. Mitchell's "previous encounters with the Washtenaw County Sheriff's Department that once even resulted in a settlement." (ECF No. 1 at PageID.5.) While Mr. Mitchell may contend that a prior settlement put the County on notice, the nature of that notice is unclear. The Complaint and Mr. Mitchell's response brief provide no information regarding the number, nature, or dates of these alleged encounters with the Sheriff's Department.

A municipality is on notice if there is a "clear and persistent" history of "similar incidents of prior misconduct." *D'Ambrosio v. Marino*, 747 F.3d 378, 388 (6th Cir. 2014) (citing *Connick*, 563 U.S. at 61). Without a showing of similar incidents of misconduct, Mr. Mitchell cannot establish that the County was on notice that its training was deficient or likely to cause injury. *See D'Ambrosio*, 747 F.3d at 388 (holding that three prior instances of misconduct could not establish a county having notice of repeated unconstitutional conduct in support of a failure to train claim). The Complaint is devoid of any allegations from which to find the County's awareness of a "a deficiency with the existing policy (or lack thereof)," which is required to establish deliberate indifference under this theory. *Heyerman*

11

*v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).  Mr. Mitchell's allegations offer nothing more than "formulaic recitations" or "bare assertions" which have been deemed insufficient to state a plausible claim in *Twombly* and *Iqbal*.

For these reasons, Mr. Mitchell fails to plead an adequate *Monell* claim against the County.

### 3.    Vicarious Liability (Counts I-III)

It is unclear from Mr. Mitchell's pleading whether he intends to assert against the County, independent of his *Monell* claim, claims for unreasonable search and seizure without probable cause, malicious prosecution, and/or unlawful detention (Counts I-III).  Based upon his response brief, Mr. Mitchell seems to be alleging that the County is vicariously liable for the actions of Deputies Trowbridge and Lowhorn.  (ECF No. 5 at PageID.40.)  However, under § 1983, local governments cannot be held vicariously liable for their employees' actions. *Connick*, 563 U.S. at 60.  Therefore, Counts I-III against the County fail as a matter of law.

## IV.    Conclusion

For the reasons stated, the Court concludes that Mr. Mitchell's Complaint fails to state a plausible claim against Washtenaw County and the Washtenaw County Sheriff's Department.

Accordingly,

12

**IT IS ORDERED** that the motion to dismiss filed by the Washtenaw

County Sheriff's Department and Washtenaw County (ECF No. 5) is **GRANTED**

and these parties shall be terminated from this action.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 23, 2026